**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02767-RM-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  v.

GEOFFREY H. LUNN,
DARLENE A. BISHOP, and
VINCENT G. CURRY,

        Defendants.

---

**ORDER GRANTING
JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT
AGAINST DEFENDANT GEOFFREY H. LUNN (ECF NO. 33)
AND SETTING BRIEFING DATES**

---

THIS MATTER comes before the Court on Plaintiff U.S. Securities and Exchange Commission ("Commission") and Defendant Geoffrey H. Lunn's ("Defendant Lunn") (collectively, "Parties") Joint Motion for Entry of Consent Judgment Against Defendant Geoffrey H. Lunn ("Joint Motion") (ECF No. 33) and Consent of Defendant Geoffrey H. Lunn ("Consent") (ECF No. 33-1). The Parties have advised the Court that, after numerous settlement discussions, they have reached a bifurcated settlement agreement whereby, among other things: (1) Defendant Lunn consents to this Court's entry of judgment against him for injunctive and other relief; and (2) the Parties consent to this Court's determination of the proper amount of

disgorgement of ill-gotten gains, prejudgment interest, and civil penalty Defendant Lunn must pay.

The Parties have represented settling this action under the bifurcated agreement is a fair resolution of this action and allowing the Court to resolve of the financial issues will be an efficient use of the parties' and Court's resources. The Court has reviewed the proposed consent judgment to determine whether it is fair, adequate, reasonable, and in the public's best interest. In doing so, the Court has reviewed the Joint Motion and other papers filed in connection with that motion. This Court has also considered the Parties' June 10, 2013 Status Report which stated Defendant Lunn was interested in pursuing a settlement, did not feel comfortable moving forward until he obtained legal counsel, and, as of that date, had not retained legal counsel. (ECF No. 32.) The Court is aware that Defendant Lunn is still appearing *pro se* in this matter but that his Consent states that he appoints his "undersigned counsel" (of which there is none) as agent to receive service of notices and subpoenas. (ECF No. 33-1, Consent at page 6.)

In light of the Parties' representations, the Court's role in reviewing the proposed consent judgment and determining the amount Defendant Lunn shall be required to pay, and other considerations, it is

**ORDERED** that the Joint Motion (ECF No. 33) is **GRANTED**; it is

**FURTHER ORDERED** that the Judgment as to Defendant Lunn is hereby entered concurrent with this Order; it is

**FURTHER ORDERED** that Defendant Lunn shall also be responsible for any and all duties and obligations contained in the Joint Motion, Consent, and Judgment which are stated or considered to be that of Defendant Lunn's attorney; it is

2

**FURTHER ORDERED** that Plaintiff Commission shall have 60 days from the date of this Order to file a brief regarding the appropriate amount of disgorgement, prejudgment interest and civil penalty to be imposed against Defendant Lunn; it is

**FURTHER ORDERED** that Defendant Lunn shall have 30 days to respond to any brief filed by Plaintiff Commission regarding the appropriate amount of disgorgement, prejudgment interest and civil penalty to be imposed against Defendant Lunn; and it is

**FURTHER ORDERED** that Plaintiff Commission shall have 14 days to reply to any response brief filed by Defendant Lunn regarding the appropriate amount of disgorgement, prejudgment interest and civil penalty to be imposed against him.

DATED this 1st day of August, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge