**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02767-RM-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  v.

GEOFFREY H. LUNN,
DARLENE A. BISHOP, and
VINCENT G. CURRY,

        Defendants.

---

**ORDER GRANTING MOTION
AS TO DEFENDANT DARLENE A. BISHOP (ECF NO. 44)**

---

THIS MATTER is before the Court on Plaintiff's Motion to Voluntarily Dismiss its Claims for Disgorgement, Prejudgment Interest and a Civil Penalty against Defendant Darlene A. Bishop ("Motion"). (ECF No. 44.) Plaintiff's Complaint alleged Defendant Bishop, and others, were engaged in a fraudulent investment scheme involving Dresdner Financial, in violation of the Securities Act of 1933, Securities Exchange Act of 1934 and Rule 10b-5. Plaintiff sought permanent injunctive relief; disgorgement, with prejudgment interest, of ill-gotten gains; and civil monetary penalties.

Pursuant to Plaintiff and Defendant Bishop's bifurcated settlement agreement, the Court entered an Order granting Plaintiff and Defendant Bishop's Joint Motion for Entry of Consent Judgment and setting a briefing schedule to determine the proper amount of disgorgement of ill-

gotten gains, prejudgment interest and civil penalty. (ECF No. 37). In addition, on August 1, 2013, Judgment against Defendant Bishop was entered which included a permanent injunction and an order of disgorgement, prejudgment interest and civil penalty, with such amounts to be determined by the Court. (ECF No. 38.)

Plaintiff has now advised the Court that judgments have been entered against Defendant Bishop in two criminal cases whereby she has been sentenced to 70 months of imprisonment and three years of supervised release, and been ordered to pay more than $5.4 Million in restitution, of which $307,000 is related to the Dresdner Financial scheme upon which this civil action is based. Accordingly, Plaintiff now moves to voluntarily dismiss its claims for disgorgement, prejudgment interest and a civil penalty. The permanent injunction, however, is to remain in full effect.

No objection was filed to Plaintiff's Motion and the time for doing so has passed.

Upon consideration of the Motion, the Court file, and being otherwise fully advised in the premises, it is hereby

ORDERED that Plaintiff's Motion to Voluntarily Dismiss its Claims for Disgorgement, Prejudgment Interest and a Civil Penalty against Defendant Darlene A. Bishop (ECF No. 44) is GRANTED;

FURTHER ORDERED that Plaintiff's claims for disgorgement, prejudgment interest and a civil penalty are hereby dismissed;

FURTHER ORDERED that the Judgment as to Defendant Darlene A. Bishop (ECF No. 38) is hereby modified only as to Section V to reflect the dismissal of such claims; and

FURTHER ORDERED that the Judgment as to Defendant Darlene A. Bishop (ECF No. 38) is otherwise unaffected and remains in full force and effect.

DATED this 17th day of March, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge