IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02767-RM-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GEOFFREY H. LUNN,
DARLENE A. BISHOP, and
VINCENT G. CURRY,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

I am informed that the sole remaining issue in this action concerns monetary relief against defendant Geoffrey Lunn. In the meantime, a parallel criminal prosecution is pending against Mr. Lunn in United States v. Lunn, Criminal Case No. 14-cr-00161 (D. Colo.). That case has not yet been set for trial. The parties suggest that the criminal matter will not be tried before March 2015. Joint Status Report [Doc. # 52].

I previously stayed this action in view of the pending prosecution. Order [Doc. # 51]. The parties now suggest, in view of the time to trial of the prosecution, that administrative closure may be warranted. Joint Status Report [Doc. # 52]. Specifically, D.C.COLO.LCivR 41.2 provides:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

I respectfully RECOMMEND that this action be closed administratively subject to reopening for good cause.[1]

Dated June 18, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).