**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-02767-RM-BNB

U.S. SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

       v.

GEOFFREY H. LUNN,
DARLENE A. BISHOP, and
VINCENT G. CURRY,

      Defendants.

---

**FINAL JUDGMENT AS TO DEFENDANT GEOFFREY H. LUNN**

---

      Pursuant to and in accordance with Fed. R. Civ. P. 58(a), and all previous Orders entered during the pendency of this case applicable to Defendant Geoffrey H. Lunn,

**I.**

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Geoffrey H. Lunn ("Lunn" or "Defendant") and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77(e)(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that
Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active
concert or participation with them who receive actual notice of this Judgment by personal service
or otherwise are permanently restrained and enjoined from violating Section 15(a) of the
Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality
of interstate commerce to effect any transactions in, or to induce or attempt to induce the
purchase or sale of, any security (other than an exempted security or commercial paper, bankers'
acceptances, or commercial bills) unless Defendant is registered with the Commission as a
broker or dealer.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that
Defendant is liable for disgorgement of $5,466,840, representing profits gained as a result of the
conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of
$478,648, for a total of $5,945,488.

Defendant shall satisfy this obligation as follows:

(a)     A portion of the disgorgement owed, up to the amount of $3,922,935, will be

deemed satisfied upon payment against the restitution order in his related criminal

case, U.S. v. Lunn, 14-cr-00161 (D. Colo.).

(b)     Defendant shall pay the remaining $2,022,553 of disgorgement and prejudgment

interest to the Commission, provided, however, that the amount Defendant must

pay to the Commission will be offset by any amounts paid to the Commission by

Defendant Vincent G. Curry.  In the event the Commission receives any payment

before payment against the restitution order is complete, the Commission shall

apply such payment against the unpaid balance of the restitution order.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Geoffrey H. Lunn as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan

to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the

administration of any distribution of the Fund.  If the Commission determines that the Fund will

not be distributed, the Commission shall petition the Court to allow it to send the funds paid

pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall

pay a civil penalty in the amount of $5,466,840 to the Commission pursuant to Section 20(d) of

the Securities Act and Section 21(d) of the Exchange Act, after Defendant's obligations under

the restitution order in his related criminal case and his obligations of disgorgement and

prejudgment interest in the remaining amount of $2,022,553, respectively, are satisfied.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Geoffrey H. Lunn as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated at Denver, Colorado this 31st day of January, 2018.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By:  s/   C. Pearson
_____

C. Pearson
Deputy Clerk